**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **J.H.**

**No. 20-0873** (Webster County 19-JA-29)

## MEMORANDUM DECISION

Petitioner Mother K.W., by counsel Howard J. Blyler, appeals the Circuit Court of Webster County's October 5, 2020, order terminating her parental rights to J.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel James Wegman, filed a response in support of the circuit court's order. The guardian ad litem, Mary Elizabeth Snead, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in terminating her parental rights to the child.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons,

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Within this same assignment of error, petitioner also argues that the circuit court erred in denying her post-termination visitation with the child. However, petitioner's citation to the record in support of her assertion that the court erred in this regard reveals that the court did not, in fact, rule on petitioner's request for post-termination visitation. Instead, the court stated that "[t]he motion for post-termination visitation for . . . [petitioner is] taken under advisement pending [a] permanency hearing" that was scheduled for November 13, 2020. Petitioner did not include the order from this permanency hearing in the appendix record on appeal. As such, this argument is not properly before the Court and will not be addressed on appeal. W. Va. R. App. P. 10(c)(7) ("The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.").

1

a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The proceedings below began in July of 2019, when the DHHR filed an abuse and neglect petition alleging that petitioner permitted her child to live in a home where he was exposed to pervasive drug abuse, domestic violence, and inappropriate supervision.[3] According to the petition, at least nine adults, including petitioner, lived in a two-bedroom residence with four children who are not at issue in this appeal. The DHHR further alleged that the home contained extensive drugs and paraphernalia. According to the petition, petitioner and another individual who cared for the children tested positive for methamphetamine, while a third caregiver admitted to smoking methamphetamine but later refused to submit to a drug screen. Accordingly, the DHHR alleged that petitioner failed to provide the child a fit and suitable home and that her substance abuse negatively impacted her ability to parent.

Petitioner later admitted to the allegations in the petition and was adjudicated as an abusive and neglectful parent at a hearing in September of 2019. In August and September of 2020, the court held dispositional hearings, during which the court heard testimony from a Child Protective Services ("CPS") worker and several adult respondents, including petitioner. According to the CPS worker, petitioner never provided the DHHR with proof of residence. The CPS worker investigated at least one address where petitioner claimed she lived, but the investigation revealed that petitioner did not live at this address. According to the CPS worker, petitioner did not have stable housing that the worker was aware of during the entirety of the proceedings. Further, the CPS worker testified to petitioner's failure to fully comply with drug screens, as required. This included a period between March of 2020 and July of 2020 for which the DHHR had no records of petitioner's drug screens. Finally, the CPS worker testified that petitioner submitted to a screen on the day of the first dispositional hearing in August of 2020 and tested positive for methamphetamine.

Based on the evidence, the court found that petitioner failed to establish that she would comply with an improvement period, as she requested. According to the court, petitioner had "not accepted any responsibility nor made any acknowledgement that she has a drug addiction problem" and "failed to accept responsibility for her actions." Further, the court found that over the preceding fourteen months, petitioner exhibited no change in her circumstances. Most importantly, the court noted that it continued the August of 2020 dispositional hearing in order to give petitioner the opportunity to enroll in inpatient substance abuse treatment, but petitioner refused. Accordingly, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the child's welfare.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[3]The record shows that the DHHR subsequently filed multiple amended petitions, none of which are relevant to the issues on appeal.

[4]The father's parental rights were also terminated below. The permanency plan for the child is adoption in the current foster home.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

At the outset, we note that petitioner's brief does not comply with the requirements of this Court's Rules of Appellate Procedure. Specifically, other than a standard of review, petitioner's brief contains no citations to any controlling authority in support of her lone assignment of error. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he brief must contain an argument exhibiting clearly the points of . . . law presented . . . and citing the authorities relied on." Additionally, in an Administrative Order entered on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" and "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented" are not in compliance with this Court's rules. In that order, the Court went on to instruct that "all of the requirements of the Rules must be strictly observed by litigants" because "[t]he Rules are not mere procedural niceties; they set forth a structured method to permit litigants and this Court to carefully review each case." In ordering that all litigants before this Court must comply with the Rules of Appellate Procedure, the Court cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'" Here, petitioner's brief in regard to the lone assignment of error is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. Nevertheless, we turn to the merits of the issues on appeal.

According to petitioner, the circuit court abused its discretion in terminating her parental rights because she demonstrated an ability to not use drugs by going for months, on two separate occasions, without using controlled substances. Petitioner argues that she "only used [drugs] when visitation was denied by the [DHHR]" and she further asserts that she informed the circuit court at the September of 2020 dispositional hearing that "she had not enrolled in a . . . treatment facility and would only do so on the condition that she got to visit with her child." We find petitioner's arguments unavailing, however, because the resolution of this matter turns entirely upon her failure to acknowledge the conditions of abuse and neglect at issue.

As this Court has routinely held,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). On appeal, petitioner does not challenge the circuit court's findings that she failed to accept that she suffered from a drug addiction or failed to accept responsibility for her actions. As such, she cannot be entitled to relief because these failures are dispositive of her ability to remedy the conditions at issue. Even on appeal to this Court, petitioner minimizes her responsibility for her substance abuse, asserting that she only continued to abuse drugs because she was not permitted to visit with the child. It is unclear why petitioner believes this conduct was acceptable when demonstrating her ability to correct her substance abuse was crucial to her attempt to regain custody of the child. Petitioner further cites her statement to the court at the dispositional hearing that she would only undergo substance abuse treatment if she were permitted to visit her child, thereby further illustrating her refusal to take steps to remedy the conditions of abuse and neglect unless her demands were met. None of these facts entitle petitioner to relief.

Further, petitioner's refusal to acknowledge the conditions of abuse and neglect resulted in those conditions being untreatable, which fully supports the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. West Virginia Code § 49-4-604(d) defines "[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected" as meaning "that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Given petitioner's inability to correct the conditions of abuse and neglect due to her refusal to acknowledge them, it is clear the circuit court did not err in making this finding. Additionally, the court found that the child's welfare required termination of petitioner's parental rights, given her failure to acknowledge, or otherwise accept responsibility for, her conduct. Under West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon these findings. Further, as this Court has held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 5, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton